# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT N. WORDLAW,

    Petitioner,

vs.

BRIAN WILLIAMS, SR., et al.,

    Respondents.

Case No. 2:07-CV-00293-RLH-(GWF)

**ORDER**

    Petitioner has submitted an Application to Proceed <u>in Forma Pauperis</u> (#1) and a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  The Court finds that Petitioner is unable to pay the filing fee.

    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has reviewed the Petition.  Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Equitable tolling of the period might be available, but the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at 418. The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

After a jury trial in the Eighth Judicial District Court of the State of Nevada, Petitioner was convicted of battery with the use of a deadly weapon. The judge adjudicated him to be a habitual criminal and sentenced him to a minimum prison term of ten (10) years and a maximum prison term of twenty-five (25) years. That court entered its judgment of conviction on February 11, 2003. Petition, p. 1. Petitioner appealed. The Nevada Supreme Court affirmed in an order dated January 27, 2004. For the purposes of 28 U.S.C. § 2244(d)(1), Petitioner's judgment of conviction became final on April 26, 2004, when his time expired to petition the Supreme Court of the United States for a writ of certiorari.

Fifty-seven (57) days later, on June 22, 2004, Petitioner filed a state post-conviction petition for a writ of habeas corpus. The district court denied that petition on May 11, 2005. Petitioner appealed. The Nevada Supreme Court affirmed on November 10, 2005. The remittitur would have issued by December 5, 2005. See Nev. R. App. P. 41(a).

On February 24, 2006, Petitioner filed in the state district court a motion for a new trial pursuant to Nev. Rev. Stat. § 176.515. The district court denied the motion on March 16, 2006. Petitioner appealed. On January 11, 2007, the Nevada Supreme Court affirmed. It held, among

other reasons, that the motion was untimely because Petitioner filed it after the two-year period of limitations in Nev. Rev. Stat. § 176.515(3) had expired.

On August 25, 2005, while his state habeas corpus petition was pending, Petitioner filed a motion to correct an illegal sentence in the state district court. That court denied the motion on September 16, 2005. Petitioner did not appeal the denial of this motion until he also appealed the denial of his new-trial motion. The Nevada Supreme Court held that it lacked jurisdiction because the time to appeal had long since expired. Because the time that this illegal-sentence motion was actually pending was overlapped by the time that Petitioner's state habeas corpus petition was also pending, the illegal-sentence motion has no additional effect on the tolling of the period of limitation.

Petitioner then commenced this action. He left blank the space on the form for stating when he mailed the Petition to this Court, but the Court received it on March 7, 2007.

The Petition appears to be untimely. Fifty-seven days passed between the finality of Petitioner's judgment of conviction on April 26, 2004, and the filing of his state habeas corpus petition on June 22, 2004. The state habeas corpus petition tolled the period of limitation pursuant to 28 U.S.C. § 2244(d)(2). When the remittitur issued no later than December 5, 2005, the period of limitation resumed. Petitioner's motion for a new trial was untimely, and thus it was not properly filed for the purposes of statutory tolling pursuant to § 2244(d)(2). Pace, 544 U.S. at 417. Consequently, four hundred fifty-seven (457) days passed from the conclusion of Petitioner's state habeas corpus petition and the commencement of this action on March 7, 2007. A total of five hundred fourteen (514) non-tolled days have passed. This exceeds the one-year period of limitation. Petitioner must show cause why this Court should not dismiss this action as untimely.

Petitioner has also submitted an Ex Parte Motion for Appointment of Counsel (#2). Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in

1  federal habeas proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider
2  are not separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt,
3  718 F.2d at 954.  After reviewing the Petition, the Court concludes that appointment of counsel is
4  not warranted.

5         IT IS THEREFORE ORDERED that the Application to Proceed in Forma Pauperis
6  (#1) is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

7         IT IS FURTHER ORDERED that the Clerk of the Court shall file the Petition for a
8  Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

9         IT IS FURTHER ORDERED that Petitioner shall show cause why this action should
10 not be dismissed as untimely.  Petitioner shall have thirty (30) days from the date of entry of this
11 order to comply.  Failure to comply will result in the dismissal of this action.

12        IT IS FURTHER ORDERED that Petitioner's Ex Parte Motion for Appointment of
13 Counsel (#2) is **DENIED**.

14        DATED this   30th   day of   April  , 2007.

                                             ROGER L. HUNT
                                             Chief United States District Judge